# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 2000-CA-00183-SCT

*EARLINE JONES*

*v.*

*EARL BILLY AND MABLE BILLY*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/06/2000 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LAUREL G. WEIR |
| ATTORNEYS FOR APPELLEES: | C. BRYANT ROGERS |
| | SCOTT A. C. JOHNSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 01/25/2001 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 2/15/2001 |

**BEFORE PITTMAN, C.J., MILLS AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Earline Jones sued Earl and Mable Billy in the Circuit Court of Leake County for a dog bite she allegedly sustained when she was visiting the Billys' residence. The Billys responded with a motion to dismiss, arguing that the trial court lacked jurisdiction to hear the case. The trial court found all parties to this action were adult, enrolled members of the Mississippi Band of Choctaw Indians and that the alleged incident took place on tribal lands. It, therefore, dismissed this action for lack of subject matter jurisdiction. Feeling aggrieved, Jones appeals, raising one issue:

> **DID THE CIRCUIT COURT ERR IN FINDING A LACK OF SUBJECT MATTER JURISDICTION TO HEAR JONES'S CASE?**

## STANDARD OF REVIEW

¶2. Jurisdictional issues are reviewed by this Court de novo. *Harrison v. Boyd Miss., Inc.,* 700 So. 2d 247, 248 (Miss. 1997) (citing **McDaniel v. Ritter,** 556 So. 2d 303, 308 (Miss. 1989)).

> The Mississippi Constitution grants to the circuit courts "original jurisdiction in all matters civil and criminal in this state not vested by this Constitution in some other court...." Miss. Const. art. 6, § 156. "In reviewing a subject matter jurisdiction challenge to the Constitution's grant of authority, the Supreme Court looks at the type of case by examining the nature of the controversy and the relief

sought." ***Singing River Mall Co. v. Mark Fields***, ***Inc***., 599 So. 2d 938, 942 (Miss.1992). . . . the question is limited to whether Mississippi or federal law authorizes some other body to entertain this case, therefore, giving the trial court judge the authority to dismiss this case.

*Harrison,* 700 So. 2d at 249. When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. *Lang v. Bay St. Louis/Waveland Sch. Dist.,* 764 So. 2d 1234, 1236 (Miss. 1999).

## DISCUSSION

¶3. The circuit court properly determined that, where the cause of action arose on tribal land, federal law preempted the exercise of state court jurisdiction over a legal dispute between Mississippi Choctaw tribal members. The Mississippi Band of Choctaws[1] is a federally recognized Indian tribe. *Indian Entities Recognized and Eligible to Receive Services from the United States Bureau of Indian Affairs*, 63 Fed. Reg. 71941, 71943 (Dec. 30, 1998). The United States Supreme Court has recognized the authority of Indian governments over their reservations. *Williams v. Lee*, 358 U.S. 217, 223, 79 S. Ct. 269, 3 L. Ed. 2d 251 (1959). In a civil suit initiated by a non-Indian against an Indian for a debt arising on the Indian reservation, the United States Supreme Court held, "[t]o allow the exercise of state court jurisdiction here would undermine the authority of the tribal courts over Reservation affairs and hence would infringe on the right of the Indians to govern themselves." *Id.*

¶4. Here the parties stipulated that the disputed dog bite took place on the Choctaw Indian Reservation and that the parties to this action are all Choctaw Indians. This matter should therefore be addressed by the proper Choctaw tribal court. The United States Congress is the only entity that can take away the power Indian governments have over their reservations. *Id.* To date, no federal law has given state courts jurisdiction over the type of controversy complained of by Jones.[2] Therefore, the circuit court properly dismissed this action for lack of subject matter jurisdiction.

## CONCLUSION

¶5. For these reasons, the circuit court's judgment dismissing this action for lack of subject matter jurisdiction is affirmed.[3]

¶6. **AFFIRMED.**

> **PITTMAN, C.J., BANKS, P.J., SMITH, MILLS, COBB, DIAZ AND EASLEY, JJ., CONCUR. McRAE, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION.**

> **McRAE, PRESIDING JUSTICE, DISSENTING:**

¶7. This matter was dismissed on a motion pursuant to Rule 12(b)(1) of the Mississippi Rules of Civil Procedure, for lack of subject matter jurisdiction, claiming that because the incident took place on Choctaw lands the district court did not have jurisdiction over this case. However, this Rule 12(b) dismissal indicates that the case was dismissed prior to an evidentiary hearing. This dismissal is not proper in this case because facts and evidence are required prior to making a determination for lack of subject matter jurisdiction here. Before the trial court ascertains that it lacked subject matter jurisdiction, the Billys must produce evidence that the property upon which this incident took place is within Choctaw territory as claimed in trust by the

United States Secretary of the Interior. *See* 25 U.S.C.A. § 465 (2000); 25 C.F.R. § 151.3 (2000). This proof was never established to the lower court. Since the lower court must consider evidence on the above facts prior to judging the matter of subject matter jurisdiction, the trial judge is no longer making a determination of law, but of fact. Accordingly, I dissent.

¶8. For a Rule 12(b) ruling the complaint is the only matter the trial court can consider. However, if the lower court considered interrogatories or a deposition, as the record indicates, then it has gone outside the pleadings and can only dismiss by granting of a summary judgment motion (M.R.C.P. 56). *See Rosen v. Gulf Shores, Inc.*, 610 So. 2d 366, 368 (Miss. 1992) (stating that after a letter was admitted into evidence, the proper way to proceed with the case was with a summary judgment motion); *Walton v. Bourgeois*, 512 So. 2d 698, 700 (Miss. 1987) (stating that whether a Rule 12 motion is converted to one for summary judgment is based on "whether the Circuit Court finds it necessary to resort to matters outside the pleadings in order to dispose with the motion."). A motion to dismiss for lack of subject matter jurisdiction <u>after</u> the court has taken evidence into consideration in the form of pleadings, interrogatories, and a deposition is not proper because the court is now engaging in a judgment of facts and not of law.

¶9. This case should be remanded and a full evidentiary hearing had for the movant to show that this land is part of the Indian reserve and that it is recognized by the Federal Government. For the above reasons, I dissent.

1. For an interesting historical discussion of the Mississippi Band of Choctaw Indians, see ***United States v. John,*** 437 U.S. 634, 98 S. Ct. 2541, 57 L. Ed. 2d 489 (1978).

2. Jones alleges the absence of a valid treaty granting the Mississippi Band of Choctaws the land they claim in Mississippi. However, Jones fails to support this bare allegation with any supporting authorities. As such, we decline to consider the issue because it is not properly raised.

3. This Court's holding of a lack of subject matter jurisdiction is strictly limited to the facts presented. *See **Harrison v. Boyd Miss., Inc.,*** 700 So. 2d 247 (Miss. 1997).