966 So.2d 839 (2007)
Otha HORTON, Appellant
v.
Christopher EPPS, Margaret Bingham and Michelle Taylor, Appellees.
No. 2006-CP-01833-COA.
Court of Appeals of Mississippi.
October 2, 2007.
Otha Horton, appellant, pro se.
Jane L. Mapp, Jackson, attorney for appellees.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
GRIFFIS, J., for the Court.
¶ 1. Otha Horton filed an action titled "Habeas Corpus or/alternative motion to show cause." The circuit judge dismissed Horton's claim for lack of "venue jurisdiction." On appeal, Horton argues that venue was proper or, in the alternative, the trial court should have transferred the petition to the proper venue. The State concedes error. Therefore, we reverse and remand this case for further proceedings.
¶ 2. On May 8, 2006, Horton filed his petition in the Circuit Court of Rankin County, Mississippi. The basis of Horton's petition surrounded an amendment to Mississippi Code Annotated Section 47-5-138.1 (Rev.2004) which became effective on April 28, 2004. The amendment specifically excluded certain offenders from being able to receive trusty earned time allowance. Id. One of the new exclusions applied to offenders convicted of selling a controlled substance. Id. Prior to the amendment, there was no such exclusion.
¶ 3. On January 29, 2004, Horton committed the crime of sale of cocaine. On September 14, 2005, Horton pled guilty before the Attala County Circuit Court. The dates are significant because Horton committed his crime before the amendment became effective, yet was sentenced after the amendment took effect. Since Horton committed the crime prior to the amendment, he argues that it would constitute an ex post facto law if it applied to him and that he should be eligible for trusty earned time. Most important to this appeal, Horton did not challenge the validity of his conviction or the resulting sentence.
¶ 4. The trial court found that it lacked "venue jurisdiction" over the matter. *841 Horton argues and the State concedes that venue for the matter was proper in Rankin County, where the action was filed. It appears that the trial court considered this matter as a motion for post-conviction relief and thought it should have been brought in the county of the conviction, Attala County. However, "[p]ost-conviction matters address issues related to the prisoner's conviction that were not addressed at the time of judgment." Guy v. State, 915 So.2d 508, 510(¶ 5) (Miss.Ct. App.2005) (emphasis added). Horton does not take issue with his conviction or sentence, merely whether he is entitled to trusty earned time. Therefore, venue should be governed by Mississippi Code Annotated Section 11-11-3 (Rev.2004) and not the Mississippi Post-Conviction Relief Act.
¶ 5. Section 11-11-3(a) provides that venue is proper in the county where a defendant resides or in the county where the act or omission occurred. Horton was incarcerated at the Central Mississippi Correction Facility located in Rankin County. Two of the defendants worked at the facility and the actions that denied Horton trusty earned time occurred in Rankin County. Therefore, it appears that Rankin County was the appropriate county for Horton's petition.
¶ 6. Even if Rankin County were not the appropriate county for venue, the trial court should not have dismissed the matter. Rule 82(d) of the Mississippi Rules of Civil Procedure states that "[w]hen an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein." (emphasis added). Therefore, the trial court should have at the very least transferred the matter to the court where it thought venue was proper.
¶ 7. Finding that the dismissal was in error, we reverse and remand this case for further proceedings consistent with this opinion.
¶ 8. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.