991 So.2d 1239 (2008)
Percy LATIKER a/k/a Percell Latiker, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-01530-COA.
Court of Appeals of Mississippi.
September 30, 2008.
Percy Latiker, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before MYERS, P.J., GRIFFIS and ISHEE, JJ.
MYERS, P.J., for the Court.
¶ 1. Percy Latiker appeals the circuit court's denial of post-conviction relief, asserting that he received ineffective assistance of counsel at trial. Because Latiker's petition for post-conviction relief was never filed with the circuit court, we find that the circuit court was without subject matter jurisdiction to render its decision. Accordingly, we vacate its judgment.

FACTS AND PROCEDURAL HISTORY
¶ 2. Latiker was convicted of one count of sale of cocaine and sentenced to twelve years' imprisonment. After his conviction was affirmed on direct appeal, Latiker sought and received permission from our supreme court to file a petition for post-conviction relief on the single issue of whether he received ineffective assistance of counsel at trial. There is no evidence in the record, however, that Latiker ever actually filed such a petition with the circuit court. Instead, it appears that Latiker mailed the petition, as well as two amended petitions, to the Clerk of the Supreme Court.
¶ 3. On July 27, 2007, Latiker sought a writ of mandamus from the supreme court, alleging that he had filed a petition for post-conviction relief with the circuit court in late 2006.[1] The circuit court took Latiker's *1240 assertions at face value and held an evidentiary hearing on the matter on August 20, 2007.
¶ 4. At the hearing, the State noted that no petition for post-conviction relief had been filed and moved to dismiss for want of subject matter jurisdiction. The circuit court denied the State's motion, reasoning that:
[I]n looking at the files, there is no way to say what has happened with his Post-Conviction Petitions. There's orders of the Supreme Court making certain findings and dismissals, and then there's one that says that all the reasons he has assigned were without merit, other than there should be a hearing on ineffective counsel with reference to his second petition. As [the Circuit Clerk of Leake County] has testified, there is nothing in her office, no petition there alleging ineffective counsel.
Yet this Court is going to go forward with this and finally conclude this matter and on the issue allowed by the Supreme Court that this Defendant shall proceed on his post-conviction matter on the grounds of ineffective counsel. So [the State's] motion to dismiss is overruled.
In the proceeding that followed, Latiker produced no witnesses, allegedly because he was not given sufficient notice of the hearing. The circuit court did admit several affidavits, and Latiker was able to cross-examine his former attorney, who was called by the State.
¶ 5. After concluding the evidentiary hearing, the circuit court found that Latiker had not met his burden to prove that he was entitled to post-conviction relief. The circuit court's judgment purported to deny the post-conviction relief petition "signed by Percy Latiker on September 28, 2006." No such petition was filed in the circuit court, nor was it made a part of the record on appeal. The circuit court order appears to refer to the proposed petition Latiker filed with the supreme court.[2]

STANDARD OF REVIEW
¶ 6. Our standard of review on questions of jurisdiction is de novo. Jones v. Billy, 798 So.2d 1238, 1239(¶ 2) (Miss.2001) (citing Harrison v. Boyd Miss., Inc., 700 So.2d 247, 248 (Miss.1997)). Furthermore, our supreme court has held that:
[T]he question of jurisdiction of the subject matter may be raised for the first time on appeal, and it becomes the duty of this court to determine whether it has jurisdiction in a case as a condition precedent to its right to decide the issues involved, where the want of jurisdiction is suggested by the record....
Graham v. State, 196 Miss. 382, 393, 17 So.2d 210, 213 (1944). See also M.R.C.P. 12(h)(3).

DISCUSSION
¶ 7. A prisoner whose conviction and sentence have been affirmed on appeal must seek leave of the supreme court to file a petition for post-conviction relief. Miss.Code Ann. § 99-39-7 (Rev.2007). The supreme court may decide the proposed motion on its merits, or it may "[a]llow the filing of the motion in the trial court for further proceedings." Miss.Code Ann. § 99-39-27(7)(b) (Rev.2007). The *1241 statute further instructs that a motion for post-conviction relief "shall be filed as an original civil action in the trial court." Miss.Code Ann. § 99-39-7.
¶ 8. Although he received permission to do so from the supreme court, Latiker never filed his petition for post-conviction relief in the circuit court. Because the post-conviction relief action was never properly commenced, the circuit court erred when it found jurisdiction to decide the issue. Accordingly, the judgment of the circuit court is vacated.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LEAKE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS VACATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEAKE COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] The date Latiker claimed to have filed the motion for post-conviction relief is alternatively given as September 28, 2006, or December 20, 2006. September 28, 2006, is the date that Latiker signed his petition to the supreme court seeking permission to file for post-conviction relief. A proposed motion for post-conviction relief was attached to that filing. What, if anything, Latiker did on December 20, 2006, is unclear; but the date falls roughly between the first and second amended petitions for post-conviction relief he mailed to the Clerk of the Supreme Court.
[2] Mississippi Code Annotated section 99-39-27(2) (Rev.2007) provides that an application to the supreme court for leave to proceed on a post-conviction relief petition shall include a petition "proposed to be filed in the trial court."