CARLTON, J., for the Court.
 

 ¶ 1. On July 13, 2007, Myron Pollard pled guilty to one count of possession of cocaine and one count of possession of marijuana and was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC). On September 6, 2007, Pollard filed a motion to set aside his guilty plea and demanded a new trial. The circuit court dismissed Pollard’s motion for lack of jurisdiction. Pollard appeals.
 

 FACTS
 

 ¶ 2. A Coahoma County grand jury indicted Pollard for possession of cocaine pursuant to Mississippi Code Annotated section 41-29-115 (Supp.2008) and for possession of marijuana pursuant to Mississippi Code Annotated section 41-29-139 (Rev. 2005). Pollard pled guilty to both counts on July 13, 2007. The circuit court entered an order on August 30, 2007, sentencing Pollard to a term of fifteen years in the custody of the MDOC. On September 6, 2007, Pollard filed a motion to vacate his guilty plea, and within that motion he also requested a new trial. On March 12, 2008, the circuit court dismissed Pollard’s motion to vacate his guilty plea and his request for a new trial.
 

 ¶ 3. The circuit court found it was without jurisdiction to review Pollard’s motion outside the term of court, which had ended on August 17, 2007. Pollard appeals the circuit court’s dismissal of his motion. In turn, we dismiss Pollard’s appeal for lack of jurisdiction, finding, as the circuit court did, that the correct vehicle for Pollard’s request is a petition for post-conviction relief pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss.Code Ann. § 99-39-1 to -29 (Rev. 2007).
 

 STANDARD OF REVIEW
 

 ¶ 4. Our standard of review on questions of jurisdiction is de novo.
 
 Latiker v. State,
 
 991 So.2d 1239, 1240(¶6) (Miss.Ct.App.2008) (citations omitted).
 

 DISCUSSION
 

 ¶ 5. Regarding the dismissal of Pollard’s motion to vacate his guilty plea and request for a new trial, the circuit court found that it lacked jurisdiction as Pollard filed his motion on September 6, 2007, and the circuit court’s term of court had ended on August 17, 2007. “[I]n the absence of a statute authorizing a modification of a sentence, once a case has been terminated and the term of court ends, a circuit court is powerless to alter or vacate its judgment.”
 
 Payne v. State,
 
 966 So.2d 1266, 1269(¶ 11) (Miss.Ct.App.2007) (quoting
 
 Presley v. State,
 
 792 So.2d 950, 954(¶ 18) (Miss.2001)). Here, no statute saves Pollard’s motion.
 

 ¶ 6. For the above reasons, we dismiss Pollard’s appeal for lack of jurisdiction. However, we note, as the circuit court did, that Pollard may pursue post-conviction relief pursuant to section 99-39-1 to -29.
 

 ¶ 7. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.