FAIR, J.,
for the Court:
¶ 1. Broderick McCoy pled guilty to sexual battery in 2006. He received a ten-year sentence, with credit for six months already served pending trial, and nine and one-half years to be served on post-release supervision. In 2010, McCoy was caught on his way to a scrap yard with six manhole covers that had recently been stolen from a construction site. He was arrested and indicted for grand larceny, and his suspended sentence was revoked. The grand larceny charge was subsequently dismissed.
¶ 2. Since then, McCoy has apparently attempted to file numerous challenges to the revocation,[1] In the early instances, it appears he filed the variously styled petitions under the cause number of the 2010 grand larceny case. The instant appeal arises from a 2014 “Petition for Habeas Corpus”[2] that, pursuant to McCoy’s specific instructions, was filed under the 2006 sexual battery cause number. After McCoy sought a writ of mandamus to compel the trial court to rule on one of his petitions, the trial court entered an order finding that the 2014 petition was without merit and barred as a successive writ. McCoy has appealed from that judgment. On appeal, he takes issue with the content of the record, contends that his post-release supervision was illegally revoked, *180 and argues that his sentence after revocation was illegal.
¶ 3. The Mississippi Uniform Post-Conviction Collateral Relief Act abolishes and replaces “the common law writs relating to post-conviction collateral relief.” Miss. Code Ann. § 99-39-3(1) (Rev.2015). It provides “an exclusive and uniform procedure for the. collateral review of convictions and sentences.” Id. (emphasis added). A post-conviction relief motion under the Act “shall be filed as an original civil action.” Miss.Code Ann. § 99-39-7 (Rev. 2015).
¶ 4. While the circuit court could have ordered that McCoy’s petition be filed as an original civil action seeking post-conviction relief, it did not do so. Consequently, the circuit court had no jurisdiction to enter an order adjudicating McCoy’s right to post-conviction relief. Latiker v. State, 991 So.2d 1239, 1240-41 (¶¶ 7-8) (Miss.Ct.App.2008). We vacate the circuit court’s judgment.
¶ 5. THE JUDGMENT OF THE CIRCUIT COURT OF FRANKLIN COUNTY IS VACATED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FRANKLIN COUNTY.
LEE, G.J.,- IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, WILSON-AND GREENLEE, JJ.,- CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT. WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE. WRITTEN OPINION.

. We say "apparently” because they are referenced in the circuit court's order, but despite being relied upon by the State in its brief, they have not been made a part of the record,

. The full title of the filing is "Petition For Writ of Habeas Corpus / Motion to Vacate Revocation of PRS / Motion to Clarify Sentence.”