# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-CT-00978-SCT

*JESSIE D. BOYETT, JR.*

*v.*

*BURL CAIN, MDOC COMMISSIONER, MDOC*
*DIRECTOR OF OFFENDER SERVICES, MDOC*
*CLASSIFICATION DIRECTOR, MDOC*
*ADMINISTRATIVE REMEDY, RICHARD*
*PENNINGTON AND MDOC RECORDS*
*DEPARTMENT*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/25/2022 |
| TRIAL JUDGE: | HON. ADRIENNE ANNETT HOOPER-WOOTEN |
| COURT FROM WHICH APPEALED: | CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY |
| ATTORNEY FOR APPELLANT: | JESSIE D. BOYETT, JR. (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: WILLIAM R. COLLINS SUZANNE CARLISLE HUDSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED IN PART AND REVERSED IN PART - 12/05/2024 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.    Jessie D. Boyett Jr. appealed the dismissal of his complaint against the Mississippi Department of Corrections (MDOC). The Court of Appeals agreed with the Circuit Court of the First Judicial District of Hinds County that dismissal was appropriate because Boyett's complaint should have been "resolved by the circuit court of the county where the prisoner

is housed." ***Boyett v. Cain***, 375 So. 3d 1212, 1212 (Miss. Ct. App. 2023) (internal quotation mark omitted). Also, the Court of Appeals determined that dismissal was appropriate because Boyett did not exhaust his administrative remedies prior to filing his complaint in the circuit court. ***Id.*** at 1213. Aggrieved, Boyett petitioned for a writ of *certiorari*.

¶2.     This Court granted Boyett's petition for *certiorari* only to address the issue of venue.[1] *See* M.R.A.P. 17(h) ("The Supreme Court may limit the question on review."). We find that, pursuant to Mississippi Code Section 11-11-3(1)(a)(i) (Rev. 2019), venue was proper in the First Judicial District of Hinds County because that is "the county where the defendant resides." Even though venue was proper, Boyett had not exhausted his administrative remedies prior to filing his complaint in the circuit court. Therefore, we affirm in part and reverse in part the judgments of the Court of Appeals and the Circuit Court of the First Judicial District of Hinds County.

## STATEMENT OF FACTS

¶3.     The Court of Appeals related the facts as follows:

---

[1]On September 10, 2024, Boyett filed a motion for reconsideration pursuant to Mississippi Rule of Appellate Procedure 27(h)(6) and (8), asking this Court to reconsider its decision to grant only his petition for *certiorari* in part. Rule 27(h) requires the motion to be filed within fourteen days after the decision is handed down. The order granting *certiorari* handed down on August, 13, 2024, meaning the motion should have been filed on or before August 27, 2024. This Court finds that pursuant to the prison mail box rule, Boyett's motion was filed timely as the postmark shows that it was mailed on August 27, 2024. *See **Hammett v. State***, 129 So. 3d 931, 933 (Miss. 2014); ***Easley v. Roach***, 879 So. 2d 1041, 1042-43 (Miss. 2004). We find that there is no good reason to amend our order granting *certiorari* in part. Boyett's motion for reconsideration is denied.

Jessie Boyett Jr. is an inmate serving consecutive sentences of twenty and thirty years in the custody of the Mississippi Department of Corrections (MDOC). On April 5, 2022, Boyett submitted a request through the MDOC's Administrative Remedy Program (ARP), seeking (1) to have his consecutive sentences commuted under Mississippi Code Annotated section 47-5-139(2) (Rev. 2015) and (2) to be declared eligible for parole under Mississippi Code Annotated section 47-7-3 (Supp. 2021) because he had already served twenty years in MDOC's custody.[2]

On April 12, ARP Director Richard Pennington responded with a form letter entitled "How to Enter the ARP Process." An instruction check-marked on the letter informed Boyett, "Only one complaint/request will be accepted. If your letter contains more than one complaint/request, it will be rejected and returned to you." The letter further instructed, "Commutation of sentences is a [c]ourt [i]ssue and beyond the power of ARP to grant. Request of parole eligibility date should be requested separately."

Two weeks later, Boyett sent another request in which he argued that it was "clear error" to reject his former request and that the MDOC had power to commute his sentence through the ARP process. He claimed that the director's "acts" were an attempt to "thwart Mr. Boyett from taking advantage of MDOC's grievance process/procedure." On May 3, 2022, Pennington sent Boyett a second MDOC letter, again marking that only one request would be accepted and stating, "Use of 'legal language' makes your request unclear. Please simplify your request."

On July 26, 2022, Boyett filed a "Complaint" or "Motion for Judicial Review" with the Hinds County Circuit Court. In the complaint, he asserted

---

2    In 2002, Boyett entered a guilty plea and was convicted of rape and of aggravated assault of a police officer. In 2021, section 47-7-3(1)(h)(i)(2) was amended to provide that "[a] person who is sentenced for a violent offense as defined in Section 97-3-2" for a crime committed after June 30, 1995, "shall be eligible for parole only after having served fifty percent (50%) or twenty (20) years, whichever is less, of the sentence or sentences imposed by the trial court."

*Boyett*, 375 So. 3d at 1212 n.1.

3

that MDOC had "declined to respond" to his ARP requests. Because Boyett was incarcerated in Marshall County, the Hinds County Circuit Court dismissed Boyett's ARP complaint for lack of jurisdiction, finding that the matter "must be resolved by the circuit court of the county where the prisoner is housed."[3] He appeals from the court's order dismissing his complaint.

*Boyett*, 375 So. 3d at 1212–13 (second and third alterations in original) (footnote omitted).

¶4.     The Court of Appeals determined that the trial court did not abuse its discretion by dismissing Boyett's claim for lack of jurisdiction. *Id.* at 1213. The Court of Appeals stated:

> As noted, the circuit court appropriately held that it lacked jurisdiction because Boyett filed his petition for judicial review in the incorrect venue. The county in which to appeal an MDOC decision is where the prisoner is incarcerated at the time he requests relief through the ARP.

*Id.* at 1213 (citing *McManus v. State*, 310 So. 3d 332, 335 (Miss. Ct. App. 2021)). Additionally, the court determined that Boyett "failed to exhaust his administrative remedies because he did not 'properly file his ARP request and did not receive a final decision from MDOC[.]'" *Id.* (alteration in original) (quoting Miss. Code Ann. § 47-5-803(2) (Rev. 2015)).

## STANDARD OF REVIEW

¶5.     This Court has held that "[j]urisdictional issues are reviewed by this Court de novo." *Tiger Prod. Co., LLC, v. Pace*, 353 So. 3d 429, 433 (Miss. 2022) (internal quotation marks omitted) (quoting *Jones v. Billy*, 798 So. 2d 1238, 1239 (Miss. 2001)). Additionally, "[t]his Court applies the de novo standard of review when deciding issues of law." *Forrest Gen.*

---

[3]"*See Nelson v. Bingham*, 116 So. 3d 172, 174 (Miss. Ct. App. 2013) ('In cases where the prisoner challenges an MDOC decision, venue is appropriate where the prisoner resides.' (citing Miss. Code Ann. § 11-11-3 (Rev. 2004)))." *Id.* at 1212 n.3.

4

*Hosp. v. Upton*, 240 So. 3d 410, 415 (Miss. 2018) (alteration in original) (internal quotation marks omitted) (quoting *Wayne Gen. Hosp. v. Hayes*, 868 So. 2d 997, 1000 (Miss. 2004)).

## DISCUSSION

¶6.     We take this opportunity to clarify that when a prisoner brings a complaint pursuant to Mississippi Code Section 47-5-807 (Rev. 2023), venue is proper (1) in the county where a defendant resides, not the prisoner, and (2) in the county where a substantial act or event that caused the injury occurred. *See* Miss. Code Ann. § 11-11-3(1)(a)(i) (Rev. 2019).

¶7.     This Court has held that Section 11-11-3 applies to this type of civil actions because the ARP statutes "do not contain a venue provision." *Putnam v. Epps*, 63 So. 3d 547, 551-52 (Miss. 2011) (citing Miss. Code Ann. § 47-5-801, -807 (Rev. 2004)) ("Section 11-11-3 applies to claims brought pursuant to Section 47-5-807 of the administrative-review-procedure statutes.").

¶8.     This case is similar to *Putnam*. In that case, a prisoner who was incarcerated in Yazoo County filed a complaint pursuant to Section 47-5-807 in the Yazoo County Circuit Court. *Id.* at 548-49. This Court found that venue was proper in the First Judicial District of Hinds County pursuant to Section 11-11-3, stating that

> [The prisoner's] complaint names a single defendant, Christopher Epps, based on actions taken in his capacity as the commissioner of the MDOC. The offices of the commissioner of the MDOC are located in the City of Jackson, which is situated in the First Judicial District of Hinds County. We note that [the prisoner] makes no argument that a "substantial alleged act or omission" or a "substantial event that caused the injury occurred" in Yazoo County. Therefore, venue is proper in the First Judicial District of Hinds County, not in Yazoo County.

*Id.* at 551 (citations omitted).

¶9.     Like the prisoner in ***Putnam***, Boyett filed his complaint against Burl Cain, the current commissioner of the MDOC, and other MDOC officials. These defendants "are located in the City of Jackson, which is situated in the First Judicial District of Hinds County." ***Id.***

¶10.    The trial court and Court of Appeals relied on ***Nelson***, 116 So. 3d at 174, in which the Court of Appeals stated that "[i]n cases where the prisoner challenges an MDOC decision, venue is appropriate where the prisoner resides." But the language used in ***Nelson*** is misleading. Before ***Nelson***, the Court of Appeals in ***Horton v. Epps***, 966 So. 2d 839, 841 (Miss. Ct. App. 2007), applied Section 11-11-3 and determined that "venue [was] proper in the county where a defendant resides or in the county where the act or omission occurred." Specifically, the ***Horton*** court determined that venue was proper in Rankin County because "[t]wo of the defendants worked at the facility and the actions that denied [the prisoner] trusty earned time occurred in Rankin County." ***Horton***, 966 So. 2d at 841. Therefore, venue may be appropriate in the county in which the prisoner resides, as long as a substantial act or event that caused the alleged injury occurred in that same county.

¶11.    We find that venue was proper in the Circuit Court of the First Judicial District of Hinds County. But due to Boyett's failure to exhaust his administrative remedies, the circuit court was without authority to hear his complaint. *See* Miss. Code Ann. § 47-5-803(2) (Rev. 2023).

## CONCLUSION

6

¶12.    This Court finds that the trial court and Court of Appeals erred by stating that the proper venue for a prisoner to challenge an MDOC decision is the county in which the prisoner is located. We clarify that Section 11-11-3 controls in such circumstances and that venue is proper in a county in which a defendant resides or in a county where a substantial act or event caused the alleged injury.

¶13.    **AFFIRMED IN PART AND REVERSED IN PART.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE, AND GRIFFIS, JJ., CONCUR.**