# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2010-CP-00708-SCT

*JAMES FRANKLIN PUTNAM*

*v.*

*CHRISTOPHER B. EPPS*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/26/2010 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| COURT FROM WHICH APPEALED: | YAZOO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES FRANKLIN PUTNAM (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: R. STEWART SMITH, JR. |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | REVERSED AND REMANDED - 04/14/2011 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLSON, P.J., LAMAR AND CHANDLER, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.    In 1997, the Circuit Court of Harrison County accepted James Franklin Putnam's guilty plea to one count of armed robbery. The circuit court sentenced Putnam to twenty years in the custody of the Mississippi Department of Corrections (MDOC), to run concurrently with a federal sentence. Putnam currently is incarcerated in Yazoo County. He filed a motion for post-conviction relief (PCR) arguing he is entitled to earned time. The Court of Appeals affirmed the Yazoo County Circuit Court's dismissal of the PCR because its subject matter was cognizable under the administrative-review procedure. ***Putnam v. Epps***, 963 So. 2d 1232, 1233 (Miss. Ct. App. 2007); *see* Miss. Code Ann. §§ 47-5-801 to 47-5-807 (Rev. 2004). After exhausting his administrative remedies, Putnam filed a complaint

in the circuit court pursuant to Mississippi Code Section 47-5-807, challenging the MDOC's computation of his earned-time allowance on grounds including equal protection. He argued that the MDOC's decision to deny him earned time was erroneous because he is entitled to earned time under the governing statutes and because the MDOC has granted earned time to similarly situated prisoners.

¶2.     The circuit court dismissed Putnam's complaint upon a finding that venue was improper in Yazoo County. Putnam appeals to this Court, raising the following issues: 1) whether the circuit court erred in dismissing his complaint for improper venue; and 2) whether Putnam has been denied his constitutional right to equal protection by not receiving earned time on his sentence. Because we find that venue was proper in the First Judicial District of Hinds County, we reverse and remand this case for transfer to that circuit-court district. Because Putnam's first issue is dispositive of this appeal, we do not discuss his second issue.

**DISCUSSION**

¶3.     The State argues that Putnam's complaint was a motion for post-conviction relief and, because it was not filed in the county of conviction as required by the Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA), the circuit court properly dismissed it. *See* Miss. Code Ann. § 99-39-7 (Supp. 2010). We find that the State's argument is without merit because Putnam's filing is not a motion for post-conviction relief. Rather, it is a complaint brought pursuant to the statutes governing the administrative- review procedure in Mississippi Code Sections 47-5-801 through 47-5-807.

¶4.     The administrative-review procedure "constitute[s] the administrative remedies available to offenders for the purpose of preserving any cause of action such offenders may

2

claim to have against the State of Mississippi, the Department of Corrections or its officials or employees." Miss. Code Ann. § 47-5-803(1) (Rev. 2004). Judicial review is available after an offender has exhausted all administrative remedies. Miss. Code Ann. § 47-5-807 (Rev. 2004). Section 47-5-807 provides that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative review procedure under Sections 47-5-801 through 47-5-807 may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision." Miss. Code Ann. § 47-5-807 (Rev. 2004).

¶5. In contrast with the administrative-review procedure, post-conviction relief provides a mechanism for collateral attack on a conviction or sentence that is initiated by filing a motion in the trial court. *See* Miss. Code Ann. §§ 99-39-5, 99-39-7 (Supp. 2010). The Mississippi Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides:

(1) Any person sentenced by a court of record of the State of Mississippi, including a person currently incarcerated, civilly committed, on parole or probation or subject to sex offender registration for the period of the registration or for the first five (5) years of the registration, whichever is the shorter period, may file a motion to vacate, set aside or correct the judgment or sentence, a motion to request forensic DNA testing of biological evidence, or a motion for an out-of-time appeal if the person claims:

(a) That the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi;

(b) That the trial court was without jurisdiction to impose sentence;

(c) That the statute under which the conviction and/or sentence was obtained is unconstitutional;

(d) That the sentence exceeds the maximum authorized by law;

(e) That there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice;

(f) That there exists biological evidence secured in relation to the investigation or prosecution attendant to the petitioner's conviction not tested, or, if previously tested, that can be subjected to additional DNA testing, that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

(g) That his plea was made involuntarily;

(h) That his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody;

(i) That he is entitled to an out-of-time appeal; or

(j) That the conviction or sentence is otherwise subject to collateral attack upon any grounds of alleged error heretofore available under any common law, statutory or other writ, motion, petition, proceeding or remedy.

Miss. Code Ann. § 99-39-5(1) (Supp. 2010).

¶6.     Both the UPCCRA and Section 47-5-807 are routes for a prisoner to obtain civil relief; the prisoner elects which route to pursue. In *Guy v. State*, 915 So. 2d 508, 510 (Miss. Ct. App. 2005), the Court of Appeals held that a claim that the MDOC had miscalculated a prisoner's earned time was not in the nature of post-conviction relief, but was cognizable under the administrative-review procedure. The prisoner's argument about his entitlement to earned time was almost identical to Putnam's. There, the court stated:

This matter is not in the nature of post-conviction relief. Post-conviction relief matters address issues related to the prisoner's conviction that were not

4

addressed at the time of the judgment. ***Williams v. State***, 669 So. 2d 44, 52 (Miss. 1996). Guy is not contesting the validity of his conviction or the resulting sentence. He is contesting the MDOC's computation of time that will allow for his early release from prison.

***Id.***

¶7.  We agree with the Court of Appeals' holding that a challenge to the MDOC's earned-time calculation is cognizable under the administrative- review procedure, with judicial review available as provided in Section 47-5-807. None of the categories listed in Section 99-39-5 embraces a challenge to the MDOC's earned-time calculation. Earned time is not a reduction of sentence because "[a]ny inmate, who is released before the expiration of his term of sentence under this section, shall be placed under earned-release supervision until the expiration of the term of sentence. The inmate shall retain inmate status and remain under the jurisdiction of the department." Miss. Code Ann. § 47-5-138(6) (Rev. 2004). In his complaint, Putnam argues that the MDOC erroneously has denied him the right to serve part of his twenty-year sentence on earned-release supervision. He does not argue that the trial court erred, in 1997, by imposing the twenty-year sentence or that the sentence was obtained in violation of his constitutional or statutory rights. Therefore, Putnam properly sought relief for the alleged miscalculation of his earned time by first exhausting his administrative remedies with the MDOC and then filing a complaint within thirty days of the final decision of that agency. Miss. Code Ann. §§ 47-5-803, 47-5-807 (Rev. 2004).

¶8.  The circuit court dismissed Putnam's complaint upon a finding that venue was improper in Yazoo County. The statutes governing the administrative-review procedure do not contain

5

a venue provision. Miss. Code Ann. §§ 47-5-801, 47-5-807 (Rev.2004). Venue in civil cases

is governed by Mississippi Code Section 11-11-3, which provides, in pertinent part:

> Civil actions of which the circuit court has original jurisdiction shall be
> commenced in the county where the defendant resides, or, if a corporation, in the
> county of its principal place of business, or in the county where a substantial
> alleged act or omission occurred or where a substantial event that caused the
> injury occurred.

Miss. Code Ann. § 11-11-3(1)(a)(I) (Rev. 2004). The Court of Appeals has applied Section

11-11-3(1)(a)(I) to complaints brought under the administrative-review procedure. In *Guy*, the

Court of Appeals explained:

> All defendants were sued in their capacity as employees of the South Mississippi
> Correctional Institute (SMCI) which is located in Greene County. Venue is
> appropriate in the county in which a defendant resides. Miss. Code Ann. §11-
> 11-3 (Rev. 2004). Therefore, the Circuit Court of Greene County was the
> appropriate venue for Guy's petition.

*Guy*, 915 So. 2d at 510. And, in *Horton v. Epps*, 966 So. 2d 839, 841 (Miss. Ct. App. 2007),

the Court of Appeals stated:

> Section 11-11-3(a) provides that venue is proper in the county where a defendant
> resides or in the county where the act or omission occurred. Horton was
> incarcerated at the Central Mississippi Correctional Facility located in Rankin
> County. Two of the defendants worked at the facility and the actions that denied
> Horton trusty time occurred in Rankin County.

*Horton*, 966 So. 2d at 841. Because two of the defendants worked in Rankin County and the

act or omission occurred in Rankin County, the court found that venue was proper in Rankin

County under Section 11-11-3(a). *Id.*

¶9.    This Court finds that Section 11-11-3 applies to claims brought pursuant to Section 47-

5-807 of the administrative-review-procedure statutes. Putnam's complaint names a single

defendant, Christopher Epps, based on actions taken in his capacity as the commissioner of the

6

MDOC. The offices of the commissioner of the MDOC are located in the City of Jackson, which is situated in the First Judicial District of Hinds County. *See* Mississippi Department of Corrections, http://www.mdoc.state.ms.us/office _of_the_commissioner.htm (last visited 04/13/2011). We note that Putnam makes no argument that a "substantial alleged act or omission"or a "substantial event that caused the injury occurred" in Yazoo County. Miss. Code Ann. §11-11-3(1)(a)(i) (Rev. 2004) Therefore, venue is proper in the First Judicial District of Hinds County, not in Yazoo County. "When an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed and the case shall proceed as though originally filed therein." Miss. R. Civ. P. 82(d)). Accordingly, we reverse and remand for the Circuit Court of Yazoo County to transfer this case to the First Judicial District of Hinds County.

## CONCLUSION

¶10.    Because venue is proper in the First Judicial District of Hinds County, this case is reversed and remanded for transfer to the First Judicial District of Hinds County.

¶11.    **REVERSED AND REMANDED.**

**WALLER, C.J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS, PIERCE AND KING, JJ.,  CONCUR.**

7