# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00126-COA

TIMMY ROBERTS A/K/A TIMMY ROBERT                    APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                      APPELLEE
CORRECTIONS

DATE OF JUDGMENT:            12/15/2015
TRIAL JUDGE:                 HON. WILLIAM A. GOWAN JR.
COURT FROM WHICH APPEALED:   HINDS COUNTY CIRCUIT COURT,
                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:      TIMMY ROBERTS (PRO SE)
ATTORNEYS FOR APPELLEE:      ANTHONY LOUIS SCHMIDT JR.
                             JAMES M. NORRIS
                             DARRELL CLAYTON BAUGHN
NATURE OF THE CASE:          CIVIL - OTHER
TRIAL COURT DISPOSITION:     AFFIRMED THE JUDGMENT OF THE
                             MISSISSIPPI DEPARTMENT OF
                             CORRECTIONS
DISPOSITION:                 AFFIRMED - 05/16/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Timmy Roberts was convicted of aggravated assault and sentenced to two concurrent twelve-year terms in the custody of the Mississippi Department of Corrections (MDOC). While incarcerated, Roberts received a rule-violation report (RVR) for possessing a cell phone. After unsuccessfully challenging the RVR and exhausting his administrative remedies through MDOC's Administrative Remedy Program (ARP), Roberts sought review in the Hinds County Circuit Court, First Judicial District. The circuit court affirmed the

judgment of the ARP.[1]  Roberts now appeals the circuit court's judgment and raises the following issues:  (1) MDOC violated his right to due process by failing to hold a hearing within seven working days of the alleged rule violation; (2) the investigator failed to investigate the alleged rule violation; and (3) MDOC's decision lacked evidentiary support.

¶2.     Finding no error, we affirm the circuit court's judgment.

**FACTS**

¶3.     In May 2012, Roberts was convicted of two counts of aggravated assault involving a firearm and was sentenced to two concurrent twelve-year terms in MDOC's custody.  On June 2, 2015, while an inmate at Walnut Grove Correctional Facility (Walnut Grove),[2] Roberts received an RVR for possession of a cell phone.  An investigation and hearing were conducted, and on June 16, 2015, the hearing officer found Roberts guilty of the rule violation.

¶4.     On June 19, 2015, Roberts filed an appeal through MDOC's ARP.  Roberts received the MDOC's response on June 23, 2015.  MDOC held that Roberts "failed to produce any facts to support [his] claim that the cell phone found was not [his]."  MDOC denied Roberts's claim for relief, ruling that his RVR for cell-phone possession would not be removed from his record.

---

[1] Uniform Rule of Circuit and County Court Practice 5.03 states that an agency's decision will not be disturbed on appeal unless the judgment: (1) was unsupported by substantial evidence, (2) was arbitrary and capricious, (3) was beyond the power of the agency, or (4) violated the complainant's statutory or constitutional rights.

[2] At the time Roberts received his RVR and filed his motion for judicial review, he was incarcerated at Walnut Grove in Leake County, Mississippi. Walnut Grove closed in September 2016, and Roberts is now an inmate at the Kemper County Correctional Facility.

2

¶5.     Unsatisfied with MDOC's response, Roberts appealed to the circuit court on July 20, 2015.[3]  By order entered December 15, 2015, the circuit court found it had jurisdiction over Roberts's appeal and that the ARP's decision was "supported by substantial evidence and violate[d] no statutory or constitutional right."  On January 26, 2016, Roberts filed his notice of appeal.

## DISCUSSION

### I.     Whether Roberts filed his appeal in the proper venue.

¶6.     At the time Roberts received his RVR and filed his motion for judicial review, he was incarcerated at Walnut Grove in Leake County.  However, Roberts filed his appeal in Hinds County.  MDOC asserts that Roberts filed his appeal in an improper venue and that the circuit court therefore lacked jurisdiction over his appeal.  Jurisdiction constitutes a question of law, and this Court reviews questions of law de novo.  *Siggers v. Epps*, 962 So. 2d 78, 80 (¶4) (Miss. Ct. App. 2007).

¶7.     Mississippi Code Annotated section 47-5-807 (Rev. 2015) provides that "[a]ny offender who is aggrieved by an adverse decision rendered pursuant to any administrative[-]review procedure . . . may, within thirty (30) days after receipt of the agency's final decision, seek judicial review of the decision."  In *Putnam v. Epps*, 63 So. 3d 547, 551 (¶8) (Miss. 2011), the Mississippi Supreme Court recognized that "[t]he statutes

_____

[3] The circuit court's order reflects that its "internal system shows the clerk did file something from Roberts on July 20, 2015[,] in his criminal file.  July 20 would have been within thirty days of receipt of his second response (June 23, 2015) and thus timely."  On August 18, 2015, Roberts sent the circuit court a letter inquiring about the status of his July appeal.

3

governing the administrative-review procedure do not contain a venue provision." (Citing

Miss. Code Ann. §§ 47-5-801, -807 (Rev. 2004)). The *Putnam* court explained that "[v]enue

in civil cases is governed by Mississippi Code [Annotated s]ection 11-11-3 [(Rev. 2014)],"

and the supreme court thus clarified that "[s]ection 11-11-3 applies to claims brought

pursuant to [s]ection 47-5-807 of the [ARP] statutes." *Putnam*, 63 So. 3d at 551 (¶9).[4]

¶8.     With respect to the rules on venue in civil actions, the supreme court provided the

following guidance in *Flight Line Inc. v. Tanksley*, 608 So. 2d 1149, 1155-56 (Miss. 1992):

> In venue disputes courts begin with the well-pleaded allegations of the complaint. These, of course, may be supplemented—and contested—by affidavits or other evidence in cognizable form. What is important is that venue needs to be settled early on. This policy premise undergirds our rule that **a defendant waives any objection to venue unless he asserts it early on.** If venue is proper when and where suit is filed, it may not be ousted by later events.
>
> Of right, the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue. Put otherwise, the court at trial must give the plaintiff the benefit of the reasonable doubt, and we do so on appeal as well. Still, we regard venue a right as valuable to the defendant as to the plaintiff. If in the end venue is improper, the court must honor [a] timely objection and transfer to the correct venue, and, if it does not do so, we must reverse.

(Emphasis added) (internal citations omitted).

¶9.     In applying section 11-11-3 to a prisoner's appeal of an MDOC decision or policy,

---

[4] Section 11-11-3(1)(a)(i) provides:

Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

this Court has repeatedly held that such appeals "must be made in the circuit court of the county where the prisoner resides." *Hearron v. Miss. Dep't of Corr.*, 166 So. 3d 53, 55-56 (¶8) (Miss. Ct. App. 2015). As stated, the record shows that Roberts was housed at Walnut Grove in Leake County at the time the RVR occurred and at the time he filed his appeal to circuit court. MDOC therefore argues that Roberts should have filed his appeal to the Leake County Circuit Court rather than the Hinds County Circuit Court. The record reflects, though, that Roberts chose to file his civil action in Hinds County although he could have filed the appeal in Leake County. Pursuant to Mississippi Rule of Civil Procedure 12(b)(3), MDOC could have asserted improper venue as an affirmative defense in its answer to Roberts's appeal, or MDOC could have filed a motion to transfer venue. However, MDOC failed to pursue either action, and as a result, MDOC waived both its objection and affirmative defense as to improper venue. *See* M.R.C.P. 12(h)(1).

¶10. In *Fluker v. State*, 200 So. 3d 1148, 1148 (¶1) (Miss. Ct. App. 2016), the defendant filed a "Petition for Writ of Habeas Corpus or for Order to Show Cause and Motion for Evidentiary Hearing" in the circuit court and named the State Parole Board as the respondent. This Court viewed the defendant's petition as a regular civil action against the parole board rather than a motion for postconviction relief. *Id.* at 1149 (¶3). In discussing the issue of venue in *Fluker*, we stated:

> The dissent seems to suggest that venue in such a case is a jurisdictional issue that we must address sua sponte. However, other than in certain special classes of local actions, venue is *not* jurisdictional, and the fact that a case is filed in an improper venue does not of itself affect the right of the court to hear and determine the case on the merits. The Mississippi Rules of Civil Procedure make this clear. Rule 12(h)(1) provides that venue is an affirmative

5

> defense that is waived if it is not timely asserted by motion or answer. And Rule 82(d) provides that[,] when an action is filed laying venue in the wrong county, the action shall not be dismissed, but the court, on timely motion, shall transfer the action to the court in which it might properly have been filed. Thus, even if we were to raise the issue of venue sua sponte, we could not affirm the *dismissal* of Fluker's petition on that ground. Again, improper venue is a reason to transfer a case, not to dismiss it.

*Fluker*, 200 So. 3d at 1149 (¶3) (internal citations, quotations, and footnotes omitted).

¶11. As Mississippi caselaw establishes, "a trial court will not be put in error on appeal for a matter not presented to it for decision." *Harrington v. Office of Miss. Sec'y of State*, 129 So. 3d 153, 169 (¶40) (Miss. 2013) (citation omitted). In the present case, neither Roberts nor MDOC raised improper venue as an objection, affirmative defense, or issue before the circuit court. We therefore find the issue is waived.

> **II.     Whether MDOC violated Roberts's right to due process by not conducting a hearing within seven working days of the rule violation.**

¶12. In his first assignment of error, Roberts argues MDOC violated his right to due process by failing to hold a hearing until ten working days after the alleged violation occurred. Roberts asserts that he received the RVR on June 2, 2015, but that a hearing was not held until June 16, 2015. According to Roberts's argument, MDOC's disciplinary procedures require a hearing to be held within seven working days of the rule violation. Because his hearing was not conducted until ten working days after he received the RVR, Roberts claims that MDOC violated his right to due process. He further contends that, in violation of its disciplinary procedures and his due-process rights, MDOC failed to provide a written explanation regarding the delay in his hearing.

6

¶13. Despite Roberts's assertions on appeal, the record before this Court contradicts his claims of a due-process violation. MDOC's disciplinary procedures state that a hearing officer will conduct a disciplinary hearing within seven working days after a violation occurs. If more than seven working days elapse, a written explanation must be provided. Furthermore, the disciplinary procedures explain that "[e]stablished time frames and procedural requirements listed in this standard operating procedure are advisory guidelines and do not constitute a due[-]process right to the offender. The Agency's failure to abide by the time frames and procedural requirements will not be a basis for dismissal of the RVR."

¶14. In the present case, the record reflects that ten working days indeed passed between Roberts's alleged rule violation and the hearing on the matter. However, as indicated by MDOC's disciplinary procedures, the provided time frames were advisory only. Furthermore, Roberts's RVR indicated that the hearing was not held within seven working days because the "unit [was] on lockdown." Thus, based upon a review of the record, including MDOC's disciplinary procedures and Roberts's RVR, we find no merit to Roberts's claims of a due-process violation.

### III. Whether the investigator failed to investigate the rule violation.

### IV. Whether MDOC's decision lacked evidentiary support.

¶15. We next address Roberts's remaining two issues together. In so doing, we acknowledge his argument that, in further violation of his due-process rights and MDOC's procedures, the investigator failed to investigate his alleged rule violation. As a related argument, Roberts contends that no evidence supported the hearing officer's finding that he

7

committed the rule violation. We again find, however, that the record clearly refutes Roberts's claims.

¶16. When reviewing an appeal from an administrative agency, "the standard of review applied by this Court is identical to that of the circuit court." *Siggers*, 962 So. 2d at 80 (¶4). Unless the decision of the administrative agency "was unsupported by substantial evidence, . . . arbitrary or capricious, . . . beyond the agency's scope or powers[,] or violated the constitutional or statutory rights of the aggrieved party," this Court will not disturb that agency's decision. *Id.*; *see also* URCCC 5.03. "There is a rebuttable presumption which favors the agency's decision[,] and the challenging party has the burden of proving the contrary." *Ross v. Epps*, 922 So. 2d 847, 849 (¶4) (Miss. Ct. App. 2006).

¶17. Despite Roberts's allegations, the RVR indicates that an investigation began within twenty-four hours of the discovery of Roberts's rule violation. The record further includes a statement from Investigator Brady Sistrunk, who discovered the rule violation. According to Investigator Sistrunk's typed statement, he found a cell phone in Roberts's cell during a search. Investigator Sistrunk stated that Roberts refused to get out of his bed when ordered and that Roberts tried to push an object between his bed and the wall before rising from his bed. After securing Roberts, Investigator Sistrunk stated that he recovered the item, which turned out to be a deodorant container. Inside the deodorant container, Investigator Sistrunk discovered a cell phone.

¶18. Thus, based upon a review of the record, we find that substantial evidence supported the hearing officer's determination that Roberts committed a rule violation. We therefore

8

find no merit to Roberts's claims on appeal.

¶19. **THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**