## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01385-COA

**PERVIS L. EVERETT A/K/A PERVIS EVERETT**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                      **APPELLEE**

DATE OF JUDGMENT:                11/30/2021
TRIAL JUDGE:                          HON. ROBERT THOMAS BAILEY
COURT FROM WHICH APPEALED:   WAYNE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      PERVIS L. EVERETT (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                                      BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 04/04/2023
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1.    On July 12, 2021, Pervis L. Everett filed a motion for post-conviction relief (PCR) in the Wayne County Circuit Court.[1] The circuit court denied relief and dismissed Everett's PCR motion. Everett now appeals.

¶2.    On appeal, Everett argues that the circuit court erred by denying him relief from what he alleges to be an illegal sentence. Everett also asserts that he was denied his earned-discharge credits in violation of his due process rights.

¶3.    Finding no error, we affirm the circuit court's judgment.

---

[1] This Court recently addressed Everett's appeal of the Wayne County Circuit Court's denial of Everett's PCR motion challenging a separate conviction and sentence. *Everett v. State*, No. 2021-CP-01415-COA, 2023 WL 2256124 (Miss. Ct. App. Feb. 28, 2023).

**FACTS**

¶4.     In January 2011, Everett pleaded guilty to one count of possession of cocaine with intent to distribute, in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2005). Prior to the entry of Everett's guilty plea, the State filed a motion to amend the indictment to also charge Everett as a second or subsequent drug offender under Mississippi Code Annotated section 41-29-147 (Rev. 2005) and a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007). The record does not reflect whether the circuit court granted the motion to amend, and Everett's 2011 sentencing order does not reflect that he was sentenced as a second or subsequent drug offender or a habitual offender. Everett's guilty plea petition and the plea colloquy do not appear in the record before us.

¶5.     After accepting Everett's guilty plea, the circuit court sentenced Everett to a term of thirty years in the custody of the Mississippi Department of Corrections (MDOC), with five years to serve and twenty-five years suspended, followed by ten years of post-release supervision (PRS) under the supervision of the MDOC.

¶6.     On June 14, 2011, Everett was released on PRS. On May 31, 2018, Everett's field officer filed a petition for revocation, and a revocation hearing was held that same day. After the hearing, the circuit court entered an order revoking Everett's PRS and imposed his suspended sentence, ordering him to serve the twenty-five years in the custody of the MDOC. The circuit judge explained that he found "by a preponderance of the evidence" that Everett "has violated the conditions of probation" by committing a new felony offense of possessing

2

methamphetamine and by failing to pay the fines, fees, and assessments that were ordered as part of his sentence.

¶7. On July 12, 2021, Everett filed a PCR motion. In his motion, Everett did not challenge his PRS revocation; rather, he challenged the legality of his original sentence. Specifically, Everett asserted that his sentence exceeds the maximum penalty, and therefore it is illegal and excessive. Everett also claimed that he was denied his earned-discharge credits in violation of his due process rights.

¶8. The circuit court entered an order denying relief and dismissing Everett's PCR motion. The circuit court found that Everett's motion was time-barred and that Everett failed to meet his burden to overcome the statutory exception to the time-bar. The circuit court nevertheless reviewed Everett's illegal-sentence claim and ultimately found no merit to the contention.

¶9. Everett now appeals.

## STANDARD OF REVIEW

¶10. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)).

## DISCUSSION

3

### I. Time-Bar

¶11. The record reflects that Everett filed his PCR motion in July 2021, more than ten years after the entry of his January 2011 guilty plea and the trial court's sentencing order. Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion following a guilty plea must be filed within three years after the judgment of conviction is entered. Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Because Everett filed his PCR motion more than three years after his conviction and sentence, his PCR motion is clearly time-barred.

¶12. Everett argues that his sentence is illegal and therefore excepted from the statutory time-bar. We acknowledge that impending caselaw may prevent Everett from succeeding on this claim. *See Howell v. State*, No. 2020-CA-00868-SCT, 2023 WL 412469, at *3 (¶12) (Miss. Jan. 26, 2023) (overruling cases where appellate courts "have held that the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA]"), *motion for reh'g denied* (Mar. 30, 2023). Nonetheless, the circuit court properly found that Everett's PCR claims were time-barred.

¶13. In addition to finding that Everett's PCR claims were time-barred, the circuit court found that Everett's sentence was not illegal.[2] We agree. Everett pleaded guilty to the charge of possession of cocaine with intent to distribute under section 41-29-139. The

---

[2] In its order denying Everett's PCR motion, the circuit court held that Everett's sentence was not illegal or excessive because Everett "was sentenced as a second or subsequent drug offender under [section] 41-29-147 and as a habitual offender under [section] 99-19-81." However, Everett's 2011 sentencing order does not reflect that he was sentenced as a second or subsequent drug offender or a habitual offender.

4

sentencing statute in effect in May 2009 (when Everett committed the crime) was Mississippi Code Annotated section 41-29-139(b)(1) (Rev. 2005). *See Cozart v. State*, 226 So. 3d 574, 582 (¶28) (Miss. 2017) (stating that a defendant will be sentenced under the version of the statute in effect at the time the crime was committed). At that time, the maximum sentence for possession of cocaine with intent to distribute was thirty years: "[i]n the case of controlled substances classified in Schedule I or II, . . . such person may, upon conviction, be imprisoned for not more than thirty (30) years[.]" Miss. Code Ann. § 41-29-139(a)(1) & (b)(1).[3] Because Everett's thirty-year sentence does not exceed the statutory maximum, his sentence is not illegal.

## II. Earned-Discharge Credits

¶14. Everett also argues that the circuit court erred in denying his right to earned-discharge credits, "which allow[] him to accrue time for early release from probation or parole prior to the expiration of his sentence." *Williams v. State*, 329 So. 3d 582, 583 (¶3) (Miss. Ct. App. 2021); *accord* Miss. Code Ann. § 47-7-40 (Rev. 2004) (earned-discharge credit program). Everett submits that he has a liberty interest in receiving his earned-discharge credits. Our review of the circuit court's order dismissing Everett's PCR motion shows that while the circuit court acknowledged Everett's claim regarding his earned-discharge credits,

---

[3] In 2014, section 41-29-139 was amended to prescribe a maximum prison sentence of eight years for possession of "[l]ess than two (2) grams or ten (10) dosage units" of cocaine with intent to distribute. Miss. Code Ann. § 41-29-139(b)(1)(A) (Supp. 2014); *Wells v. State*, 202 So. 3d 1230, 1232 (¶7) (Miss. 2016).

the circuit court did not address the merits of this claim in the order.

¶15. The record reflects that Everett initiated a grievance with the MDOC's Administrative Remedy Program (ARP) regarding his earned-discharge credits. The record contains two documents from the ARP process: the MDOC's second-step response form dated April 9, 2021, and the MDOC's second-step response form dated August 23, 2021—more than one month after Everett filed the present PCR motion. On the form dated April 9, 2021, the MDOC informed Everett that he was not entitled to receive earned-discharge credits because he was not, and had not been, in full compliance with the terms and conditions of his PRS. Specifically, the MDOC stated that Everett violated the terms of his PRS by both the possession of methamphetamine and his failure to pay the full amount of his fines, fees, and court assessments. Although the form is dated April 9, 2021, it appears that Everett did not receive the form until June 8, 2021. Everett filed his PCR motion on July 12, 2021.

¶16. However, a PCR motion is not the proper vehicle to challenge the MDOC's calculation regarding earned-discharge credits. *Easterling v. State*, 283 So. 3d 1198, 1200 (¶4) (Miss. Ct. App. 2019) (citing *Putnam v. Epps*, 63 So. 3d 547, 550 (¶7) (Miss. 2011)). To challenge the MDOC's earned-discharge-credit calculation, the inmate must first obtain a final ARP decision. *Id*. Then, the inmate may seek judicial review of the final ARP decision in the appropriate circuit court. *Id*. "[A] prisoner's appeal of an MDOC decision or policy . . . must be made in the circuit court of the county where the prisoner resides." *Roberts v. Miss. Dep't of Corr*., 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2017). The record

shows that Everett is housed at the South Mississippi Correctional Institute in Greene County. Therefore, Everett should have filed his appeal in the Greene County Circuit Court rather than the Wayne County Circuit Court.

## CONCLUSION

¶17. As stated, the circuit court properly found that Everett's PCR claims were time-barred. Although the circuit court failed to consider or address Everett's claim regarding earned-discharge credits, we affirm a circuit court's dismissal of a PCR motion even if the circuit court dismissed the motion for the wrong reason.[4] *Easterling*, 283 So. 3d at 1200 (¶4). Because Everett's PCR claims were time-barred, and because "[a] challenge to . . . a[n] [earned-discharged credit] calculation by MDOC cannot be asserted in a PCR motion," we affirm the circuit court's dismissal of Everett's PCR motion. *Id*.

¶18. **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**

---

[4] On appeal, Everett also argues for the first time that his guilty plea was not voluntary. However, Everett failed to raise this claim in his PCR motion before the circuit court. "A movant who fails to raise an issue in his [PCR motion] before the trial court may not raise that issue for the first time on appeal." *Boyd v. State*, 190 So. 3d 865, 869 (¶16) (Miss. Ct. App. 2015). Everett's claim regarding the voluntariness of his guilty plea is therefore procedurally barred.

7