# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00978-COA

**JESSIE D. BOYETT, JR.**                                              **APPELLANT**

**v.**

**BURL CAIN, MDOC COMMISSIONER, MDOC**                       **APPELLEES**
**DIRECTOR OF OFFENDER SERVICES, MDOC**
**CLASSIFICATION DIRECTOR, MDOC**
**ADMINISTRATIVE REMEDY, RICHARD**
**PENNINGTON AND MDOC RECORDS**
**DEPARTMENT**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/25/2022 |
| TRIAL JUDGE: | HON. ADRIENNE HOOPER-WOOTEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | JESSIE D. BOYETT JR. (PRO SE) |
| ATTORNEYS FOR APPELLEES: | OFFICE OF THE ATTORNEY GENERAL BY: WILLIAM R. COLLINS SUZANNE CARLISLE HUDSON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 12/05/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., McDONALD AND SMITH, JJ.**

**BARNES, C.J., FOR THE COURT:**

¶1.     Jessie Boyett Jr. is an inmate serving consecutive sentences of twenty and thirty years in the custody of the Mississippi Department of Corrections (MDOC). On April 5, 2022, Boyett submitted a request through the MDOC's Administrative Remedy Program (ARP), seeking (1) to have his consecutive sentences commuted under Mississippi Code Annotated section 47-5-139(2) (Rev. 2015) and (2) to be declared eligible for parole under Mississippi Code Annotated section 47-7-3 (Supp. 2021) because he had already served twenty years in

MDOC's custody.[1]

¶2.     On April 12, ARP Director Richard Pennington responded with a form letter entitled "How to Enter the ARP Process." An instruction check-marked on the letter informed Boyett, "Only one complaint/request will be accepted. If your letter contains more than one complaint/request, it will be rejected and returned to you." The letter further instructed, "Commutation of sentences is a [c]ourt [i]ssue and beyond the power of ARP to grant. Request of parole eligibility date should be requested separately."

¶3.     Two weeks later, Boyett sent another request in which he argued that it was "clear error" to reject his former request and that the MDOC had power to commute his sentence through the ARP process. He claimed that the director's "acts" were an attempt to "thwart Mr. Boyett from taking advantage of MDOC's grievance process/procedure." On May 3, 2022, Pennington sent Boyett a second MDOC letter, again marking that only one request would be accepted and stating, "Use of 'legal language' makes your request unclear. Please simplify your request."

¶4.     On July 26, 2022, Boyett filed a "Complaint" or "Motion for Judicial Review" with the Hinds County Circuit Court. In the complaint, he asserted that MDOC had "declined to

---

[1] In 2002, Boyett entered a guilty plea and was convicted of rape and of aggravated assault of a police officer. In 2021, section 47-7-3(1)(h)(i)(2) was amended to provide that "[a] person who is sentenced for a violent offense as defined in Section 97-3-2" for a crime committed after June 30, 1995, "shall be eligible for parole only after having served fifty percent (50%) or twenty (20) years, whichever is less, of the sentence or sentences imposed by the trial court."

respond" to his ARP requests. Because Boyett was incarcerated in Marshall County, the Hinds County Circuit Court dismissed Boyett's ARP complaint for lack of jurisdiction, finding that the matter "must be resolved by the circuit court of the county where the prisoner is housed."[2] He appeals from the court's order dismissing his complaint.[3]

## DISCUSSION

¶5.     We find no abuse of discretion in the Hinds County Circuit Court's determination that it lacked jurisdiction. As noted, the circuit court appropriately held that it lacked jurisdiction because Boyett filed his petition for judicial review in the incorrect venue. The county in which to appeal an MDOC decision is where the prisoner is incarcerated at the time he

---

[2] *See Nelson v. Bingham*, 116 So. 3d 172, 174 (¶7) (Miss. Ct. App. 2013) ("In cases where the prisoner challenges an MDOC decision, venue is appropriate where the prisoner resides." (citing Miss. Code Ann. § 11-11-3 (Rev. 2004))).

[3] Boyett had filed a motion to amend his complaint on September 12, 2022, arguing that the Hinds County Circuit Court had "concurrent jurisdiction" with the Marshall County Circuit Court to hear and rule on his motion. Although the circuit court never ruled on Boyett's motion to amend, we note that Boyett was not entitled to amend his pleading, as the court had already issued its final judgment dismissing Boyett's complaint. *Harmon v. Regions Bank*, 961 So. 2d 693, 701 (¶29) (Miss. 2007) (finding plaintiffs' motion to amend filed after court entered final order granting summary judgment was "not timely").

On November 1, 2022, Boyett also filed a "petition for emergency en banc writ of mandamus," which the Mississippi Supreme Court ordered to be passed for consideration with the merits of the appeal. According to Boyett's mandamus petition, he filed *two* pro se documents with the circuit court: (1) the motion to amend his complaint and (2) a motion for reconsideration, *see* M.R.C.P. 59(e). There is no docket entry for Boyett's alleged motion for reconsideration. (Boyett claims that the circuit clerk was ordered by the court not to file it, "demonstrating the circuit judge's unwillingness to hear the case.") We deny Boyett's petition for an emergency en banc writ of mandamus based on our analysis and disposition of this appeal.

3

requests relief through the ARP. *McManus v. State*, 310 So. 3d 332, 335 (¶7) (Miss. Ct. App. 2021); *see also Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2017) ("In applying [Mississippi Code Annotated section 11-11-3 to a prisoner's appeal of an MDOC decision or policy, this Court has repeatedly held that such appeals must be made in the circuit court of the county where the prisoner resides." (internal quotation marks omitted)).

¶6.     Typically, the appropriate remedy when a prisoner files his request for judicial review in an incorrect venue is to vacate the judgment and remand for the circuit court to transfer the action to the proper court. *McManus*, 310 So. 3d at 335 (¶8). However, as the State notes, Boyett also failed to exhaust his administrative remedies because he did not "properly file his ARP request and did not receive a final decision from MDOC[.]" Mississippi Code Annotated section 47-5-803(2) (Rev. 2015) provides that "[n]o state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure." Here, MDOC merely provided Boyett with letters notifying him of deficiencies in his ARP requests; MDOC made no findings on the merits. Nothing prevented Boyett from correcting those deficiencies and filing a new ARP request to comply with MDOC's instructions.

¶7.     Instead, Boyett filed a complaint for judicial review in circuit court, without first exhausting his administrative remedies. Even if we were to determine that the letters MDOC

sent to Boyett represented a final decision under section 47-5-803(2), Boyett did not file his complaint for judicial review within the statutorily mandated thirty-day time frame. Mississippi Code Annotated section 47-5-807 (Rev. 2015) states that a prisoner must seek judicial review of an adverse ARP decision "within thirty (30) days after receipt of the agency's final decision." Boyett received the second MDOC letter on June 10, 2022, but he did not file his complaint for judicial review with the circuit court until July 26, 2022.

¶8.     Accordingly, we affirm the circuit court's order dismissing Boyett's complaint for lack of jurisdiction.

¶9.     **AFFIRMED.**

**CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**