# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00625-COA

JERIMAINE NEAL                                          APPELLANT

v.

BURL CAIN, MDOC COMMISSIONER AND                       APPELLEES
KEVIN JACKSON, MDOC RECORDS
DIRECTOR

DATE OF JUDGMENT:            04/11/2023
TRIAL JUDGE:                 HON. KENT E. SMITH
COURT FROM WHICH APPEALED:   MARSHALL COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      JERIMAINE NEAL (PRO SE)
ATTORNEY FOR APPELLEES:      OFFICE OF THE ATTORNEY GENERAL
                             BY: WILLIAM R. COLLINS
NATURE OF THE CASE:          CIVIL - STATE BOARDS AND AGENCIES
DISPOSITION:                 AFFIRMED - 06/25/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., GREENLEE AND WESTBROOKS, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.    Jerimaine Neal, a prison inmate in Marshall County, filed a request through the Mississippi Department of Corrections (MDOC) Administrative Remedy Program (ARP) to update his timesheet to include a parole date. His request was denied because Neal was previously convicted of murder. After filing a complaint appealing MDOC's decision in the Hinds County Circuit Court, the court transferred Neal's case to Marshall County where he resided. The Marshall County Circuit Court affirmed MDOC's decision.

¶2.    On appeal, Neal challenges the change of venue and claims the Marshall County Circuit Court erred in affirming MDOC's decision. Finding no error, we affirm the Hinds

County Circuit Court's order transferring venue to Marshall County and affirm the Marshall County Circuit Court's judgment affirming MDOC's ARP decision.

## FACTS AND PROCEDURAL HISTORY

¶3. Jerimaine Neal is a prison inmate in the custody of MDOC. In 2007, Neal was sentenced to life imprisonment in the custody of MDOC for murder under Mississippi Code Annotated section 97-3-19(1) (Rev. 2006). On April 6, 2022, Neal filed a request through MDOC's ARP that his timesheet be updated to include a parole eligibility date. MDOC reviewed his request on April 29, 2022, and found that Neal was not eligible for parole because he had been convicted of murder. Neal proceeded to the ARP's second step. MDOC reviewed his request again on June 30, 2022, and found that Neal was not eligible for parole because he committed murder "on or after July 1, 1995." This exhausted Neal's administrative remedies.

¶4. On August 23, 2022, Neal filed a complaint in the Hinds County Circuit Court requesting judicial review of the ARP decisions. Neal claimed that the amended parole eligibility statute, Mississippi Code Annotated section 47-7-3 (Supp. 2021), was ambiguous and that any ambiguity should be resolved in his favor. Neal argued that the circuit court should reverse and render MDOC's decision.

¶5. MDOC filed its response to Neal's complaint on January 10, 2023. MDOC claimed that the Hinds County Circuit Court should either deny Neal relief or transfer the action to the Marshall County Circuit Court. MDOC argued that the ARP decision was "supported by substantial evidence, was not arbitrary or capricious, was within the authority of MDOC

2

and did not violate" Neal's constitutional or statutory rights. In addition, MDOC argued that Marshall County was a proper venue for the action because Neal was housed at the Marshall County Correctional Facility when he filed his request through the ARP.

¶6. The Hinds County Circuit Court found that venue was proper in Marshall County Circuit Court based on Neal's housing in Marshall County at the time of his ARP request and transferred venue to Marshall County Circuit Court. There, MDOC filed a "Motion for Judgment on the Pleadings, and/or, in the Alternative Motion to Dismiss," reasserting its argument that Neal is not eligible for parole due to being convicted of murder. On February 21, 2023, Neal filed a "Declaration and Notice" in the Marshall County Circuit Court arguing that it was improper for the Hinds County Circuit Court to transfer the action because the defendants resided in Hinds County.

¶7. On April 11, 2023, the Marshall County Circuit Court entered its order finding that MDOC's findings "were supported by substantial evidence, were not arbitrary or capricious, were not beyond the power of the agency to make, nor violated some statutory or constitutional right of [Neal]." The court affirmed MDOC's ARP decision that individuals convicted of murder committed after July 1, 1995, are not eligible for parole. Neal appealed from the Marshall County Circuit Court's judgment.

## STANDARD OF REVIEW

¶8. "This Court reviews a circuit court's decision regarding an agency's actions using the same standard of review as trial courts." *Wilson v. Miss. Dep't of Corr.*, 358 So. 3d 381, 384 (¶6) (Miss. Ct. App. 2023) (quoting *Hooghe v. Shaw*, 332 So. 3d 341, 345 (¶12) (Miss. Ct.

3

App. 2021)). "We look to see whether the circuit court exceeded its authority, bearing in mind that a rebuttable presumption exists in favor of the action of the agency, and the burden of proof is on the party challenging the agency's action." *Id.* "The court examines whether the order of the administrative agency (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the aggrieved party." *Id.*

¶9. Our review of an agency's decision is limited to the record and the agency's findings. *Smith v. State*, 293 So. 3d 238, 241 (¶12) (Miss. 2020). "The reviewing court cannot substitute its judgment for that of the agency or reweigh the facts of the case." *Id.* "An administrative agency's interpretation of a statute governing the agency's operation is a matter of law subject to *de novo* review." *Id.* at (¶13) (quoting *Nissan N. Am. Inc. v. Tillman*, 273 So. 3d 710, 714 (¶11) (Miss. 2019)).

## DISCUSSION

¶10. On appeal, Neal claims that the Hinds County Circuit Court erred by transferring venue to the Marshall County Circuit Court. Neal argues that the Hinds County Circuit Court was the proper venue because the acts or omissions in his complaint occurred in Hinds County and that the defendants reside there. In addition, Neal claims that the Marshall County Circuit Court erred by affirming MDOC's ARP decision. Neal argues that he is eligible for a parole date on his timesheet because the relevant statutes are ambiguous. Neal also claims that MDOC's counsel committed fraud and should be sanctioned under the Mississippi Rules of Professional Conduct.

4

**(I)  Venue**

¶11.  Neal claims venue was proper in the Hinds County Circuit Court.  He cites *Putnam v. Epps*, 63 So. 3d 547 (Miss. 2011), in support of his argument.  In *Putnam*, the plaintiff was incarcerated in Yazoo County when he filed a motion for post-conviction relief (PCR) arguing he was entitled to earned time.  *Id.* at 548 (¶1).  The circuit court dismissed the plaintiff's complaint, finding that venue was improper in Yazoo County.  *Id.* at 551 (¶8).  The supreme court reversed, finding (1) that the plaintiff's claim was cognizable under the ARP and therefore was not a PCR motion, and (2) that the circuit court should have transferred the case to the proper venue of the First Judicial District of Hinds County.  *Id.* at 550-51 (¶¶7, 9).

¶12.  Because the supreme court in *Putnam* found that Hinds County was the correct venue for that plaintiff's appeal, Neal argues that his case should also have been heard in Hinds County.  *Putnam* noted that "[t]he statutes governing the administrative-review procedure do not contain a venue provision."  *Id.* at 551 (¶8).  Therefore, courts look to Mississippi Code Annotated section 11-11-3 (Rev. 2019) to determine venue.  *Id.*  Section 11-11-3 states in part:

> Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

Miss. Code Ann. § 11-11-3(1)(a)(i).  The *Putnam* court held that this statute applies to section 47-5-807 (Rev. 2015), which addresses the administrative review procedure.

5

*Putnam*, 63 So. 3d at 551 (¶9).

¶13.   Subsequent caselaw has clarified that appeals from MDOC's decisions have proper venue in the county where the prisoner was incarcerated at the time he requested relief through the ARP. *McManus v. State*, 310 So. 3d 332, 335 (¶7) (Miss. Ct. App. 2021); *Singleton v. Banks*, 239 So. 3d 1088, 1089 n.2 (Miss. Ct. App. 2017); *Roberts v. Miss. Dep't of Corr.*, 219 So. 3d 588, 591 (¶9) (Miss. Ct. App. 2017); *Hearron v. Miss. Dep't of Corr.*, 166 So. 3d 53, 55 (¶8) (Miss. Ct. App. 2015); *Nelson v. Bingham*, 116 So. 3d 172, 174 (¶7) (Miss. Ct. App. 2013). It is undisputed that Neal was incarcerated in Marshall County when he initiated his ARP request. Therefore, although *Putnam* indicates that venue was proper in Hinds County, venue was also proper in Marshall County. Because this Court reviews the underlying order of the administrative agency, *Wilson*, 358 So. 3d at 384 (¶6), any error here in transferring the case from one proper venue to another proper venue was harmless.

### (II)   Parole Eligibility

¶14.   Neal claims the Marshall County Circuit Court erred by affirming the ARP decision denying his request for a parole date. Neal argues that the various code sections on parole eligibility are ambiguous. To reverse MDOC's decision, we must determine whether the decision that Neal was not eligible for parole (1) was unsupported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of Neal.

### (1)   Substantial Evidence

¶15.   When Neal was convicted in 2007, he was convicted under section 97-3-19 which

stated in relevant part:

> (1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases:
> (a) When done with deliberate design to effect the death of the person killed, or of any human being;
> (b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual . . . .

Miss. Code Ann. § 97-3-19 (Rev. 2006). At the time, section 47-7-3 (Supp. 2006) was the statute defining parole eligibility. Subsection (1) stated, in part, "Every prisoner who has been convicted of any offense against the State of Mississippi . . . may be released on parole as hereinafter provided, except that . . . ." *Id.* § 47-7-3(1). The statute then lists the various exceptions where prisoners are not eligible for parole; including subsection (1)(g) that states, in relevant part:

> No person shall be eligible for parole who is convicted or whose suspended sentence is revoked after June 30, 1995, except that a first offender convicted of a nonviolent crime after January 1, 2000, may be eligible for parole if the offender meets the requirements in subsection (1) and this paragraph. . . . For purposes of this paragraph, "nonviolent crime" means a felony other than homicide . . . .

*Id.* § 47-7-3(1)(g). We find that a plain reading of the statutes at the time of Neal's conviction determines that Neal was not eligible for parole.

¶16. The statutes have both been amended since Neal's conviction. Section 97-3-19 now defines murder as:

> (1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases:
> (a) When done with deliberate design to effect the death of the person killed, or of any human being, shall be first-degree murder;

(b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual, shall be second-degree murder;

(c) When done without any design to effect death by any person engaged in the commission of any felony other than rape, kidnapping, burglary, arson, robbery, sexual battery, unnatural intercourse with any child under the age of twelve (12), or nonconsensual unnatural intercourse with mankind, or felonious abuse and/or battery of a child in violation of subsection (2) of Section 97-5-39, or in any attempt to commit such felonies, shall be first-degree murder;

(d) When done with deliberate design to effect the death of an unborn child, shall be first-degree murder.

Miss. Code Ann. § 97-3-19(1)(a)-(d) (Rev. 2020). The applicable and current version of section 47-7-3 explicitly lists murder as an exception to parole eligibility under its own subsection (d): "No person sentenced for murder in the first degree, whose crime was committed on or after June 30, 1995, or murder in the second degree, as defined in section 97-3-19, shall be eligible for parole." *Id.* § 47-7-3 (Rev. 2023). These updated statutes also deny Neal parole eligibility.

¶17. Neal's argument on appeal that the statutes are ambiguous is without merit. A reading of the statutes clearly offers a general rule—that prisoners who meet certain requirements are eligible for parole—followed by enumerated exceptions to that rule. Unlike Neal's characterization, this statute does not grant parole eligibility and then immediately take it away. For Neal to be eligible for parole at all, he must meet the time requirements in subsection (1) and also not meet any of the enumerated exceptions, inter alia. In both the statutes active at the time of his conviction and the current statutes, Neal was not eligible for parole due to meeting one of the enumerated exceptions (subsection (g) in the 2006 statute

and subsection (d) in the current one).

¶18. None of the underlying facts are disputed in this case. Because Neal was never eligible for parole, MDOC's denial of Neal's ARP request is based on substantial evidence. "Substantial evidence has been defined by the supreme court as 'such relevant evidence as reasonable minds might accept as adequate to support a conclusion.'" *Smith v. Pub. Emp. Ret. Sys. of Miss.*, 338 So. 3d 672, 677 (¶24) (Miss. Ct. App. 2022).

### (2) Arbitrary and Capricious

¶19. "An administrative agency's decision is arbitrary when it is not done according to reason and judgment, but depending on the will alone." *Id.* at 678 (¶25). "And an action is capricious if done without reason, in a manner, implying either a lack of understanding of or disregard for the surrounding facts and settled controlling principals." *Id*. Here, the decision made by MDOC was a logical decision supported by the evidence and the relevant caselaw. Therefore, the decision was not arbitrary or capricious.

### (3) The Power of the Agency

¶20. Mississippi Code Annotated section 47-5-801 (Rev. 2023), states: "The Department of Corrections is hereby authorized to adopt an administrative review procedure at each of its correctional facilities in compliance with 42 USCS Section 1997, the 'Civil Rights of Institutionalized Persons Act,' or CRIPA, and Part 40 of Title 28, Code of Federal Regulations." MDOC's ARP decision was therefore authorized by statute and within the authority of MDOC to make.

### (4) Statutory and Constitutional Rights

¶21. Mississippi courts have acknowledged that prisoners have "no constitutionally recognized liberty interest in parole." *E.g. Vice v. State*, 679 So. 2d 205, 208 (Miss. 1996). Furthermore, "[a] Due Process violation occurs where a party is not allowed a full and complete hearing before being deprived of life, liberty or property." *Leavitt v. Carter*, 178 So. 3d 334, 339 (¶17) (Miss. Ct. App. 2012). "Thus, the initial requirement for either a procedural or substantive due process claim is proving that the plaintiff has been deprived by the government of a liberty or property interest; otherwise, 'no right to due process can accrue.'" *Id.*

¶22. Here, Neal suffered no violation of his statutory or constitutional rights. Parole is not a constitutionally recognized liberty interest. He was able to participate in the ARP process and there were no allegations that the process was incorrectly handled. Neal was never eligible for parole, so he cannot claim he was deprived of any constitutional right that would affect his due process. As for Neal's claim that the MDOC decision violated the Equal Protection Clause, Neal has not alleged that he is in any protected class, so his claim must be analyzed under the rational basis test. *Westbrook v. City of Jackson*, 665 So. 2d 833, 838 (Miss. 1995). Because Neal was not eligible for parole, the decision to deny him a parole date is reasonable.

¶23. MDOC's ARP decision was supported by substantial evidence, was not arbitrary or capricious, was within MDOC's authority, and did not violate Neal's statutory or constitutional rights. Therefore, the Marshall County Circuit Court correctly affirmed the decision.

10

**(III)  Other Allegations**

¶24.  Neal makes several allegations that the attorneys for MDOC committed fraud on the court and violated the Mississippi Rules of Professional Conduct.  None of these allegations are supported by evidence in the record.  In addition, these allegations do not pertain to the MDOC's ARP decision but, instead, refer to post-appeal matters.  Given our limited standard of review, we decline to address these allegations.  *See Miss. State Tax Comm. v. Mississippi-Alabama State Fair*, 222 So 2d 664, 666 (Miss. 1969).

## CONCLUSION

¶25.  Because venue was proper in Marshall County Circuit Court and because this Court reviews the underlying order of the administrative agency anyway, any error in transferring Neal's appeal to a different, proper venue was harmless.  In addition, the Marshall County Circuit Court did not err by affirming MDOC's ARP decision denying Neal a parole date.  Finally, any allegations of fraud or professional misconduct are unsupported by the record and beyond the scope of this appeal.  Therefore, we affirm.

¶26.  **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

11